```
         UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                 AT CHARLESTON
```

CECIL I. WALKER MACHINERY CO.,
a West Virginia corporation,

      Plaintiff

v.                                      Civil Action No. 2:06-0483

CAROLYN DAWSON and
DARLENE STAATS and
JUDY CRANFIELD and
STEPHEN DAWSON and
KENNAD L. SKEEN and
KEVIN HUGHART,

      Defendants

## MEMORANDUM OPINION AND ORDER

Pending is plaintiff's motion to file an exhibit under seal, filed June 19, 2006.

Plaintiff's request must be examined with reference to our court of appeals' settled precedent governing sealing requests. Foremost, the "[p]ublicity of [court] records, of course, is necessary in the long run so that the public can judge the product of the courts in a given case." Columbus-America Discovery Group v. Atl. Mut. Ins. Co., 203 F.3d 291, 303 (4th Cir. 2000). The right of public access to court documents derives from two separate sources, namely, the common law and the First Amendment. The common law right affords presumptive access

to all judicial records and documents.  Nixon v. Warner Comms., Inc., 435 U.S. 589, 597 (1978); Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988).  Submitted documents within the common law right may be sealed, however, if competing interests outweigh the public's right of access.  Nixon, 435 U.S. at 598-99, 602-03; In re Knight Publ'g Co., 743 F.2d 231, 235 (4th Cir. 1984).

The First Amendment right of access has a more limited scope than the common law right, having only "been extended . . . to particular judicial records and documents."  Stone, 855 F.2d at 180.  It attaches if: (1) "the place and process have historically been open to the press and general public"; and (2) "public access plays a significant positive role in the functioning of the particular process in question."  Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 8-9 (1986) (quoted in Baltimore Sun Co. v. Goetz, 886 F.2d 60, 64 (4th Cir. 1989)).  To avoid disclosure under the First Amendment right of access, the movant must show "the denial [of access] is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest."  Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 606-07 (1982); Press-Enterprise Co., 478 U.S. at 15; Virginia Dep't of State Police v. Washington Post, 386 F.3d 567, 573 (4th Cir. 2004); Stone, 855 F.2d at 180.

Our court of appeals has additionally observed as follows:

> Regardless of whether the right of access arises from the First Amendment or the common law, it "may be abrogated only in unusual circumstances."  When presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements.  As to the substance, the district court first "must determine the source of the right of access with respect to each document," because "[o]nly then can it accurately weigh the competing interests at stake."

<u>Washington Post</u>, 386 F.3d at 576 (citations omitted).[1]

Of considerable importance here is the allocation of the burden to support a sealing request, which rests on the movant regardless of whether the common law or First Amendment rights of access are in issue:

> The common law presumes a right of the public to inspect and copy "all 'judicial records and documents.'" "This presumption of access, however, can be rebutted if countervailing interests <u>heavily outweigh the public interests in access</u>," and "[t]he party seeking to overcome the presumption bears the burden of showing some <u>significant interest</u> that outweighs the presumption." . . .
>
> The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present <u>specific reasons in support of its position</u>. See <u>Press-Enterprise Co. v. Superior Court</u>, 478 U.S.1, 15 (1986) ("The First Amendment right of access cannot be overcome by [a] conclusory

---

[1] With respect to procedures for handling sealing requests, see <u>Media General Operations, Inc. v. Buchanan</u>, 417 F.3d 424, 435 (4th Cir. 2005).

assertion").

<u>Virginia</u>, 386 F.3d at 575 (some citations omitted).

Plaintiff's motion, seeking the sealing of an exhibit because it "contains private and protected financial and other information" appears to be filed, in part, pursuant to the court's Notice of Electronic Availability of Case File Information Amended to Comply with the E-Government Act of 2002 (hereinafter "Notice"). Review of the exhibit, however, reveals that redaction might just as easily satisfy counsel's concerns about the Notice. The court is left to speculate, however, because the one-paragraph motion does little to discharge the movant's burden of showing the necessity of a sealing order. Lacking that showing, the inquiry ends.

The court, accordingly, ORDERS that the motion to file exhibit under seal be, and it hereby is, denied without prejudice. The court further ORDERS that the exhibit be, and it hereby is, stricken from the record, and the clerk is directed to return it forthwith to counsel. Counsel is in turn granted leave to reformulate his sealing request anew in accordance with governing precedent.

The Clerk is directed to forward copies of this order to all counsel of record.

DATED: July 21, 2006

_____
John T. Copenhaver, Jr.
United States District Judge